The next matter, number 24-1156, 289 Kilvert, LLC v. SBC Tower Holdings, LLC. At this time, would counsel for the appellant please introduce himself on the record to begin? Good morning, your honors. My name is Stephen Cowley from Duane Morris for the appellant, SBC Towers. And with your approval, I'd like to reserve two minutes of argument. Okay, you may. Your honors, this case, the issue for you is simple and limited. It's questioning the appropriateness of a decision by the District Court of Rhode Island to remand a case brought in the first instance in Rhode Island State Court, removed by my client to the Federal District Court on the theory of complete diversity. There is no dispute that complete diversity exists for purposes of 28 U.S.C. 1332A. In the district court, the district court judge held as part of a ruling that it wasn't challenged, diversity wasn't challenged, but your honors have a record that's now more complete, confirmed, if you will. The disclosure statements of both parties reveal there's complete diversity between the citizenship of the two corporate... Okay, but here where there's diversity, it's not an issue. The issue is does the state statute require that it be sent back, correct? Yes. The reason it becomes an issue, your honor, is as we've posited it, the district court judge made two ears, two fundamental ears in deciding, despite acknowledging diversity and despite there being no question that the removal procedures were followed, so both under 1332A and 1441, we were in the right place, we did the right thing to get there. The district court said, nevertheless, you can't, you can't do that. The district court judge made two fundamental ears. First, on a misinterpretation, a misunderstanding of Rhode Island law, the district court judge took a contractual choice of law provision and said, well, that amounts to a form selection, exclusive form selection, because Rhode Island has determined in its statutes to allot the assignment of these cases, commercial eviction cases, to the district court in Rhode Island. The district court made an assumption that's just not in the statute. Rhode Island does not report... Let's assume that the district judge read the Rhode Island statute correctly and the statute requires that it be held, you know, isn't there still, you know, the fact that a state statute cannot trump section 1332? Yes, so, in fact, doesn't, in my experience, virtually every state has legislation or pronouncements from their highest court allocating jurisdiction and responsibilities among their various inferior courts. Maine has a district court and a superior court. It's got a statute that says these cases go here, those cases go there. Yes. So, if we took the logic of the district court here, in virtually every case, there would be a state statute that assigns the case to a state court. Correct. That's our, that was our argument, is the district court flipped on its head the federal principle that choice of law provisions are not form selections. Even with form selection agreements, the courts have to analyze whether it's exclusive or not. It's literally just a question of, it is a, it is a choice of law provision and the court says that one of the, when you chose Rhode Island law, you chose its decision to have cases in Rhode Island just local district court. And then the question is, is that the, does that, we're interpreting that statute because you've agreed to have that statute be merged into your contract and then the question is just, is that what the Rhode Island legislature mean by that, to displace federal jurisdiction? Like, that's the question, right? Correct. And as Judge Kayada just pointed out, that would mean every case where there's a choice of law provision, the parties would then be facing the fact that that state in high likelihood, I have not found any, as a matter of fact, one of the cases we rely on that involves the Massachusetts summary process procedures and statute was removed and the court looked at whether that Burford extension was appropriate. But if you look at Massachusetts law, it assigns summary process actions between this, this correct superior court and district courts based on the amount and controversy. Every state that we're aware of on any issue where there's a choice of law provision says where the cases go if you bring them in the state. And in this case, it doesn't even, it's true, it is a truism that Rhode Island says you must bring these cases here even if there wasn't a choice of law provision. Let me ask you, there's no, for this statute, is there a amount of controversy cap or there's none? No. So Rhode Island, for example, said the cap for these cases is no more than $20,000, then it could defeat diversity because you can't, substantively, you can't recover anything else, correct? Well, the, if the plaintiff limited its claim, then diversity could be defeated if there wasn't $75,000 in controversy. There is no such limitation on the claim. They're trying to terminate five years early a lease that in and of itself costs so much that that's more than. So what basically the district court should have done is substantively act as the Rhode Island court and procedurally as a federal court, but applying Rhode Island law to the extended camp, correct? Rhode Island law on the merits of the contract interpretation, the landlord-tenant provisions of both statute and common law in Rhode Island clearly applies. No one argues that. But can the state of Rhode Island, as the district court found it did, when we say it doesn't on the face of the statute, nevertheless, the district court says, the state of Rhode Island says you can't remove. The statute that the court interpreted, section 34-18.1-9, says where cases must be brought by the landlord. Exclusively have to bring the cases in the district court. And that's for purposes of filing in Rhode Island. Where the diversity exists, that's a horse of a different color. And certainly the district court not only implied that the Rhode Island statute says, and you can't look to federal law to say you could be somewhere else. It also implied into that statute. And once the case is brought there by the landlord, you defendant, diversity defendant, sued in the state that is not your home state, you can't remove despite Congress saying you can. The statute doesn't say that. And nevertheless, that's how the court interpreted it. So the court recognized it had jurisdiction. It chose, it said it was not going to exercise it, not as a matter of abstention. It expressly disclaimed relying on abstention because it appeared the motion to remand argued abstention without using the word. And that's how we opposed it. And the court said this is not a matter of but Rhode Island says you can't remove. That they can't do under the supremacy clause. Where is the case now? It's before us. But where is, was there a motion to recall file? There, so yes. And the motion to recall was allowed. And that was Did the state court cooperate and send back, or is the file still? I don't know if the state court sent the file back or sitting in limbo. As far as you know, nothing's happened since the case. To my knowledge, the state court has done nothing with the case. And if it's, I don't actually know if it sent the file back to the federal court or as electronic files exist. Your counsel in the state case as well. Your counsel in that case at the trial level, correct? I am counsel for SBC Tower. My co-counsel here is counsel for the actual tenant. But you were the same counsel for that case in the proceedings, at the trial level and appellate level, correct? Yes. So you would know if something has happened, you would be notified. I did not make an appearance yet in the state court because no action was taken. I got into the case and made my appearance only after the removal. My co-counsel was the first to appear in state court. He's on the record. And we know of no action on the merits proceeding. And given the state of electronic files, I'm not sure where it matters to say where a file is these days if they're taking no action on it and the files exist in limbo. Technically, if the case was remanded and we decided it should not have gotten remanded and we decided there's federal jurisdiction, everything that happened during this time, if anything, would have been null and void anyway. Well, that was what the 4600 case wrestled with is what's the correct procedure when there's going to be a challenging remand. And the district court here did exactly what we said they should do, is the clerk immediately sent the file back and the judge said, no, pull it back so it could be appealed. So the district court says it's here, we say it's here, and the state court is not taking any action on the merits. That we know. Thank you. You have two minutes for rebuttal. Let's hear from the opposing counsel. Counsel for the appellee, please introduce yourself on the record to begin. Good morning, judges. For the record, may it please the court, John Mancini on behalf of the appellee. Your Honor, we think that this is a simple contractual issue. It's an issue where two parties have agreed in the lease as to what law should govern their relationship, their transaction. But let me say this, even if you're in federal court, Rhode Island law is still going to govern. And that's substantive. That's substantive. But that is what the parties agreed to in the lease agreement. Now, what happens here, what becomes distinct, my brother argues that, well, the lease agreement does not have a form selection clause. It has a choice of law clause. And the choice of law clause chooses Rhode Island law. The issue is that Rhode Island law, section 8-8-9, 3, I'm sorry, provides for a selection of the form. And the form is- So how do you interpret that provision? Like, what does that mean? So that means that- What does that mean? I mean, the question of the case is, I agree with everything you said. There's this provision that has been incorporated through the choice of law provision that says, go to Rhode Island local district court. But don't we have to decide whether that actually meant to preclude the exercise of federal diversity jurisdiction, which would seem to be an odd thing for a state to do, given the supremacy clause, that it would have the- it would think that in interpreting their statute, they would have the power to say, sorry, you can't go to federal court, even though Congress says you can. It means two things, Your Honor. First off, it means what it says, exclusive and original jurisdiction lies in the district court. The second thing is that it does not imply, nor is it read into the statute, that in any way, shape, or form, this statute preempts diversity jurisdiction or is meant to leapfrog diversity jurisdiction. But what you said, if your analytic approach were correct, then it would seem to follow that in every case in which there is a choice of law clause, which covers tens of millions, hundreds of millions of contracts in this country, in which the parties agree to particular- to use a particular state's law, that in all of those cases, removal based on diversity would be unavailable. No, Your Honor, because in this case, this case is distinct from all those cases. How is that? Because virtually every state has statutes saying where certain types of cases need be adjudicated. But Rhode Island has specifically and explicitly adjudicated the- I'm sorry, has delegated the authority of exclusive and original jurisdiction of all eviction actions to take place in the district court. Isn't that a procedural matter, not a substantive matter? Well, there's two parts. There's a procedural matter, but there's a second statute that also claims that district court is the body that holds the jurisdiction over these cases in the original instance. That's a state procedural matter. That's a state procedural matter, but that's what the parties agreed to. And going back to your point, Your Honor, the distinction in this case from all other cases is that these parties agreed, knowing what Rhode Island law is. See, the issue here is that- But in every one of those cases, those tens or hundreds of millions of cases, the parties agreed to which law would be controlling. Correct. Just like your parties did. In fact, some of them have identical language. Here, the parties agreed to what the Rhode Island law is. What turns out is they did not recognize or maybe didn't understand what the law actually provides. But isn't there an interpretive question? You say, whatever you said, exclusive jurisdiction. And one way to look at that is exclusive jurisdiction between the local district court and the superior court. That's one way to think of it. Well, another way to think of it is exclusive as to every court in the world. And those are different interpretive outcomes. And you're suggesting it's the latter. It's exclusive as to every court in the world. And the problem with adopting that interpretation is it seems to counter basic Supremacy Clause principles, which is state courts can't tell people that they can't go to federal court if the federal court, if Congress said you can. And so it is an interpretive question of Rhode Island law. But why should we read exclusive the way you are as to every court in the world, as opposed to the courts within Rhode Island? Because in this instance, Your Honor, the word exclusive is modified by original jurisdiction. And so the statute says exclusive and original jurisdiction, meaning that you start in the district court. And if you render a judgment in the district court, you then can appeal it to the superior court where it's a de novo review. OK, but that's the statutory process. Well, you have it. It's for purposes of appealing. You go to the district court. And then the superior court, instead of, doesn't do it de novo. I believe it probably reviews it as an appellate court. And then you can still go to Rhode Island Supreme Court. No, the statutory process in Rhode Island is that the superior court reviews it de novo. It's a new trial.  De novo. It's a brand new trial. But the distinction is that you can't go, as my brother tried to do, is remove from district court to superior court in Rhode Island. Because again, the statute provides for exclusive and original jurisdiction. It all goes back to understanding the process under which the parties agree to. The parties agree to a unique process. If you hear the case in federal court, and then it goes on appeal, we would then probably review it de novo also. You're still getting the two levels of review. Well, you could, in this instance, for example, originate in the Rhode Island district court, appeal it to superior court de novo, and then potentially remove it to the federal court. Again, there's no bar in this statute. Well, you couldn't remove it to federal court because it's 30 days after the case has been filed, after the service of process. So you can't remove it from, unless a new federal issue popped up in superior court, you wouldn't have a chance to remove it from superior court. Based on that provision? No. Based on the 30, you could not. And let me just ask, Supreme Court has repeatedly said that if we have federal jurisdiction, we have an unflagging obligation to exercise it where we have it. So that's my concern. There is diversity. And we never... So in our argument to the district court, we didn't challenge the diversity jurisdiction. What we challenged and what we raised was the fact that... So if it's not challenged, then you would... Are you relying on some abstention doctrine? That would probably be your only other alternative. Well, the judge made clear that her decision wasn't based on the abstention doctrine. Although we referenced the fact that there is public policy that the General Assembly in Rhode Island determined it would be in the best interest of policy to dictate and to delegate the eviction actions to a specific court. But again, that's not what I think is being triggered here. You're treating this contract as if it contained not only a foreign selection clause, but an exclusive foreign selection clause. Exactly, Your Honor. And the reason why I'm doing that is because I'm imputing knowledge to the parties. I'm imputing knowledge to the tenant of the entity's understanding of the Rhode Island process for eviction. It's a landlord-tenant lease. And based upon a landlord-tenant lease, the parties who executed the agreement agreed to the choice of law provision should understand the process under which the law dictates an  eviction. Based upon that, the district court was correct to conclude that because of the election made by the tenant to avail itself of the Rhode Island district court, that that's where the case belongs. This isn't... I think my brother complicates the issue by bringing forth the abstention doctrine, the supremacy doctrine, the issue of whether there's a conflict here. Can you give me an example of any contract that elects Rhode Island law as the choice of law that would be removable? It'd be difficult to do so, Your Honor, because of the distinct nature and particularity of the eviction statute that we deal with under Section 8-3H. So is that a no, you can't give me an example? No, I can't give you an example. Can you give me an example of any contract, any commercial contract anywhere in the United States that contains a standard choice of law clause saying we choose and agree to apply the law of state acts that would be removable? That would not be removable? That would be removable. I can't, Your Honor. I think that, again, it's case by case. And in this instance, the choice of law provision that applies here has a statute that dictates the original jurisdiction lies in the state court. We could find this afternoon literally several thousand federal court opinions issued in cases in which there are choice of law clause in which the parties select in a diversity case the choice of law of a state. Because I think what you're saying is we agreed with you all those cases should have been sent back to state. I'm not, Your Honor, because I don't know what the particular situation is in all of those cases. What I'm saying here is that the judge was correct to determine that the governing law required that this case originate in the district court of the state of Orion. What if, for example, the legislature were to have provided, instead of going to district court of Orion, saying these cases shall be filed before the Supreme Court of Rhode Island where a single justice with the use of a special master will determine the controversy? That case couldn't be removed either? I think that statute could be problematic with respect to the supremacy clause. Then it becomes an issue of field presumption. Is it impossible for jurisdiction for 1332? Is this statute, 8-8-3, some way, somehow obstructing diversity jurisdiction in 1332? Our position is that it's not. Our position is that it's not because of the choice of law provision in the lease agreement. Okay. Thank you. Thank you, Your Honor. Too many rebuttal. Please reintroduce yourself on the record to begin. Yes. Thank you, Your Honor. Stephen Cowley again for the appellant, SPC Tower Holdings. I think we've hit on the primary issue and while I have a limited amount to say, I do want to pick up on what was just left, that this doesn't interfere with removal under federal law based on diversity as established by federal law. It absolutely does. What they're saying is a party that is not at home in Rhode Island can be sued by the party in Rhode Island and held there despite what Congress determined is the way to handle such situations to avoid the local bias and local prejudice of amounts significant enough to exceed the threshold the non-resident party can remove. And what appellee is arguing is, yeah, but too bad Rhode Island says you can't. Well, it's not quite to be fair. He's not quite saying. He's saying if you chose to follow Rhode Island law, then you're stuck. But that's the interesting. I understand that argument. Rhode Island law doesn't even, the statute on which the district court relied doesn't even rely on an if the parties agree to Rhode Island law, this must happen. Rhode Island simply says we're telling all property owners if you're bringing an action for possession, you must file in the state district court. It has exclusive jurisdiction. That section, by the way, we pointed out in our brief is among a number of sections, both before and after that, a lot of exclusive jurisdiction and shared jurisdiction only among the state courts. Not once do they say federal courts. So what the argument is, because it's stated as exclusive that you cannot go to federal court under removal, why does that not also bar bringing federal causes of action that also might fall because of the amount in controversy in Rhode Island? Rhode Island can't stop the Congress from saying we grant jurisdiction to our courts and that's what's happened. Nothing further unless you have any questions. Thank you very much. Thank you, counsel. That concludes argument in this case.